## Case No. 17,097.

WALLACE v. AGRY et al.

[5 Mason, 118.] [1]

Circuit Court, D. Maine.   Oct. Term, 1828.

BILLS OF EXCHANGE—TIME OF PRESENTMENT—USAGE.

Assuming that a foreign bill of exchange, payable after sight, ought to be presented within a reasonable time, that time must be judged of with reference to the usage among merchants as to delays in the negotiation and transmission of such bills.

This cause was again tried by the jury at this term. In addition to the testimony formerly in the case [Case No. 17,096], there was evidence, that in Boston and elsewhere in America, the usage and understanding among merchants was, that upon foreign bills of exchange payable after sight, the holder was under no obligation to present them for acceptance at any particular time. He was at liberty to consult his own discretion. In short, that no time was known or recognized among merchants within which the presentment should be made; but the holder might keep the bill any length of time he pleased. There was also evidence of a like nature, and tending to the same result, as to the usage and understanding among merchants at the Havana. There was also evidence, that foreign bills drawn at the Havana on London, and elsewhere, were often sent to different ports of the United States, for negotiation and sale; and no particular time was understood to be fixed, within which they should be negotiated, and no particular modes of conveyance, direct or otherwise, by which they should be sent to London. In many instances, they were sent to Spain and France first, when drawn on London; and in many instances, to the

United States. No law or usage existed requiring them to be sent direct to London. In respect to foreign bills it did not appear from the evidence, that the Spanish law differed in any material respect from the general commercial law of England or America.

Mitchell & Greenleaf, for plaintiff.
Daveis & Longfellow, for defendants.

STORY, Circuit Justice, in summing up the case said, that the court adhered to the doctrine given to the jury at the former trial. As far as the new evidence went, it corroborated, in point of usage, that which the court supposed to be the Spanish law. That, at all events, if the doctrine were correct, that foreign bills, like the present, were required to be presented within a reasonable time, on which the court would not give any absolute opinion, still the evidence in the case of the usage of merchants, if not good evidence of the law, was evidence as to their understanding of what was reasonable time, and in that view proper for the consideration of the jury; that, with reference to such usage, he would put it to the jury to say whether the present bill was not, in point of fact, put into negotiation, or transmitted for presentment, within a reasonable time. If the jury thought it was, then, so far as this point was essential to the plaintiff's cause, he was entitled to their verdict.

The judge then adverted to the other points made in the cause, affirming the former doctrine held by the court.

The jury found a verdict for the plaintiff.